IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN WILLIAMS,** | Civil No. 1:17-cv-0485 |
| Petitioner, | |
| v. | |
| | Chief Magistrate Judge Schwab |
| **PA DEPARTMENT OF CORRECTIONS, et al.,** | |
| | Judge Sylvia H. Rambo |
| Respondents. | |

## M E M O R A N D U M

Before the court is a report and recommendation filed by the magistrate judge in which she recommends that Kevin William's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed for lack of subject matter jurisdiction and that any other remaining motions be deemed moot. Williams has filed objections to the report and recommendation, and the respondents have responded. For the reasons stated herein, the report and recommendation will be adopted.

### I. Background

Williams filed a §1983 complaint before the Commonwealth Court of Pennsylvania alleging retaliation, discrimination, fraud, a denial of due process, and equal protection violations. The case was later transferred to the Schuylkill County Court of Common Pleas. After several motions were filed, Judge Dolbin of the Schuylkill County Court dismissed the actions. Williams sought

reconsideration, which was denied, and he filed a notice of appeal in the Commonwealth Court of Pennsylvania, which was dismissed. His request for allowance of appeal to the Pennsylvania Supreme Court was also denied as well as his petition for a writ of certiorari in the United States Supreme Court.

In the instant § 2254 petition, Williams raises the following issues: 1) whether his state court claim alleged a § 1983 claim; 2) whether the Prothonotary failed to enter judgment in the state case in his favor; and 3) whether Judge Dolbin abused his discretion by dismissing the § 1983 claim. In addition, he raises allegations concerning confiscation and damages to his personal property at various state correctional institutions and claims of discrimination and retaliation within those institutions.

For relief, Williams "seeks a <u>STAY</u> on the claims that involve the lower courts." (Doc. 1, p. 14 (emphasis in original).) He also seeks a transfer to another institution and for the court to take punitive action against the respondents and award monetary damages.

**II.   Discussion**

Title 28 U.S.C. § 2254(a) reads, in part: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." As the Supreme Court

has explained, "[i]t is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

Here, Williams is not challenging the fact or duration of his imprisonment. Rather, he is challenging the conditions of his confinement and the decisions of a state court in the underlying civil action. These claims are not cognizable in a § 2254 action. Accordingly, the report and recommendation will be adopted and an appropriate order will issue.

  s/Sylvia H. Rambo
  SYLVIA H. RAMBO
  United States District Judge

Dated: December 12, 2017